

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXX
~~ATTORNEY GENERAL~~

January 30, 1939

Hon. Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:                    Opinion No. O-108
                             Re: Authority of State Treasurer to
                                 transfer money from General Re-
                                 venue Fund to Settlement of
                                 Estates Fund.

Your letter of January 13, 1939, wherein you request the
opinion of this department on certain questions therein set
forth has been referred to the writer for attention.

In order that the basis for your questions might be fully
understood by all affected by this opinion, we set forth the
pertinent parts of your letter, which are as follows:

"Upon authority from the State Comptroller based upon
opinion No. 2890, dated August 28, 1932, the State
Treasurer transferred on August 30, 1932, all money in
the Settlement of Estates Fund to the General Fund of
the State of Texas. This money was deposited in the
Settlement of Estates Fund in compliance with Articles
Nos. 3644 to 3660 of the Revised Statutes of 1925 of
the State of Texas.

"Relying upon opinion No. 2890, dated August 28, 1932,
the State Treasurer deposited all money in the General
Fund which was paid to him as provided in Articles 3644
to 3660, from August 28, 1932, to March 16, 1938. On
March 16, 1938, the Supreme Court ruled in Cause No.
7355, Manion vs. Lockhart, State Treasurer, that
Mandamus could not be issued to compel the Treasurer to
pay out of the General Fund money paid to him under
Provision of Articles 3644 to 3660, but the Court did say
that such funds should not have been placed in the
General Fund. The Court further ruled that the State
Treasurer is liable personally for having placed such
money in the General Fund instead of keeping it in trust.
All such money which has been deposited with the State
Treasurer since March 16, 1938, has been placed in the
Settlement of Estates Fund by the State Treasurer and
State Comptroller.

"In view of the facts herein stated, please answer the following questions:

"(1) Do the State Treasurer and State Comptroller have authority to transfer back to the Settlement of Estates Fund the money transferred to the General Revenue Fund on August 30, 1932?

"(2) Do the State Treasurer and State Comptroller have authority to transfer to the Settlement of Estates Fund money deposited to the General Fund from August 30, 1932, to March 16, 1938, which should have been deposited in the Settlement of Estates Fund?

"(3) Under Articles 3653 to 3655, do the State Treasurer and State Comptroller have authority to issue warrants on the Settlement of Estates Fund in payment of claims without appropriation by the Legislature?

"It is understood that any amounts heretofore appropriated by the Legislature from the General Fund for payment of claims against the money transferred to the General Fund on August 30, 1932, and deposited to the General Fund from August 30, 1932, to March 16, 1938, are to be deducted from the amount to be transferred back to the Settlement of Estates Fund."

Judge Sharp of the Supreme Court of Texas, in the case of Manion vs. Lockhart, State Treasurer, 114 SW (2nd) 216, discussing the conditions set out in the foregoing request, said of the State Treasurer:

"He, in good faith, deposited such money in the General Revenue Fund, which now requires that it be appropriated by the Legislature in accordance with the provisions of Section 6 of Article 8 of the Constitution."

Section 6 of Article 8 of the Constitution reads as follows:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, except by the first Legislature to assemble under this Constitution, which may make the necessary appropriations to carry on the government under the assemblage of the sixteenth Legislature."

In substance, Judge Sharp held in the abovementioned case that the conditions under which the Settlement of the Estates Fund were transferred to the General Revenue Fund were immaterial on the question of the strict applicability of the plain pro-

visions of Section 6 of Article 8 of the Constitution. In this connection, he says:

> "It was contrary to law for the funds to be deposited in the General Revenue Fund, as was done, but they have passed beyond the control of the Treasurer, and it is now imposs- ible for the Treasurer to pay to relator the amount of funds so deposited with him."

If the funds in question passed beyond your control as Treasurer, and made impossible your paying relator in the abovementioned case, the amount of money so deposited with you and to which he had established his right by judgment, can it be said that such funds have not passed beyond your control with respect to your ability to transfer the same out of that same fund, held by Judge Sharp to be beyond your control, back into the Settlement of Estates Fund? Clearly, if such funds have passed beyond your control for the very purpose for which they were originally paid to you, they have passed beyond your control for every other purpose.

Articles 3653 and 3654 provide the mode of recovery by the person claiming such funds previously deposited with the State Treasurer, and provide that upon the filing of petition that citation shall issue to the County or District Attorney in the county in which such suit is filed to appear and represent the State in such cause.

Article 3655 provides for the method of procedure after the institution of suit and reads:

> "The proceedings in such suit shall be governed by the rules for other civil suits; and should the plaintiff establish his right to the funds claimed, he shall have a judgment therefor, which shall specify the amount to which he is entitled; and a certified copy of such judgment shall be sufficient authority for the Treasurer to pay the same."

Judge Sharp in the abovementioned opinion, clearly points out with respect to the Settlement of Estates Fund, the difference between paying money "to the State Treasurer" and in paying money "into the State Treasury". Article 3644 clearly provides that the funds involved in your inquiry are to be paid "to the Treasurer". Judge Sharp says:

> "Thus, it is seen that the law provides the method for the payment of certain funds to the State Treasurer and specifically prescribes how said funds may be collected from the Treasurer. After describing in detail the pro- cedure to be pursued to collect such money from the Treasurer, it is finally provided: 'And a certified copy

Hon. Charley Lockhart, January 30, 1939, Page 4, 0-108

of such judgment shall be sufficient authority for the Treasurer to pay the same.'"

In view of the reasoning of Judge Sharp in the abovementioned opinion to the effect that the Settlement of Estates Fund is a special fund and that in substance the State Treasurer is but the custodian or trustee by virtue of the statutes, and in view of the further fact that Article 3655 clearly provides that: "And a certified copy of such judgment shall be sufficient authority for the treasurer to pay the same", it is the opinion of this Department and you are so advised that:

(a) Your questions Nos. 1 and 2 are answered in the negative and,

(b) Your question No. 3 is answered in the affirmative.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  Lloyd Armstrong

Assistant

LA:AW/cg

APPROVED:
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS